# IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF UTAH

|  |  |
|---|---|
| ) | |
| ) | |
| MIKE KOSIDOWSKI, ) | **REPORT & RECOMMENDATION** |
| ) | **GRANTING DEFENDANTS'** |
| Plaintiff, ) | **MOTION FOR SUMMARY** |
| ) | **JUDGMENT** |
| v. ) | |
| ) | |
| COUNTY OF WASHINGTON, and ) | Civil No. 2:06CV903 CW |
| SHERIFF KIRK SMITH, ) | |
| ) | Magistrate Judge Brooke Wells |
| Defendants. ) | |
| | Judge Clark Waddoups |

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Mike Kosidowski commenced this action against Washington County,

Utah, and Washington County Sheriff Kirk Smith (collectively "Washington County

Defendants") for an alleged civil rights violation arising out of Kosidowki's termination

from employment as a corrections officer due to his use of excessive force in a physical

confrontation with an inmate.  Kosidowki contends that his termination was arbitrary and

capricious because  he was fired whereas another officer involved in the same incident

(Officer Jamie Kiel) was suspended instead of being terminated.  He also contends that

Washington County Defendants violated his procedural due process rights and

discriminated against him on the basis of his religion.  Kosidowski likewise brings a

cause of action for common law wrongful termination.

Washington County Defendants filed a *Renewed Motion for Summary Judgment*

under Federal Rule of Civil Procedure 56.  (Doc. 62).  That *Motion* was further supported

by the *Affidavits* of John Willie and Kaye Reese.  (Doc. 64 & 65).  When Kosidowski

failed to timely respond to the *Renewed Motion for Summary Judgment*, Washington

County Defendants filed a *Request to Submit for Decision*.  (Doc. 67).  This Court then

filed an *Order to Show Cause* requiring Kosidowski to show cause why Defendants'

*Renewed Motion for Summary Judgment* should not be granted.  (Doc. 68).  Kosidowski

responded with an uncaptioned and untitled document filed on June 16, 2010.  (Doc. 69).

Washington County Defendants filed a reply on July 7, 2010 (Doc. 70).

## ANALYSIS

### I.    THE SUMMARY JUDGMENT STANDARD.

Under Federal Rule of Civil Procedure 56, a court may grant summary judgment

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A

"nonmoving party must, at a minimum, direct the court to facts which establish a genuine

issue for trial.  In the face of a properly supported motion for summary judgment, the

nonmoving party may not rely upon unsupported allegations without any significant

probative evidence tending to support the complaint." *White v. York Int'l Corp.*, 45 F.3d

357, 360 (10th Cir. 1995).

Kosidowski must comply with these standards even though he is a pro se litigant.

"As a general rule, a party who represents himself will be held to the same standard of

knowledge and practice as any qualified member of the bar." *Lundahl v. Quinn*, 2003 UT

11, ¶ 3, 67 P.3d 1000; *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)

("This court has repeatedly insisted that pro se parties follow the same rules of procedure

that govern other litigants.")  When a pro se litigant fails to comply with the procedural

rules, courts "cannot fill the void by crafting arguments and performing the necessary

legal research." *Sportsmans Warehouse, Inc. v. Leblanc*, 311 Fed. Appx. 136, 137 (10th

Cir. Colo. 2009).  Further, arguments made by pro se litigants that totally lack legal

analysis or authority should not be considered.  *See Winter v. Northwest Pipeline Corp.*,

820 P.2d 916, 918-19 (Utah 1991).

## II. WASHINGTON COUNTY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON KOSIDOWSKI'S PROCEDURAL DUE PROCESS CLAIM.

The undisputed facts show that Kosidowski was afforded due process in his

termination from employment as a corrections officer.  Kosidowski was afforded due

process by the *Notice of Intent* served on him, his pre-termination hearing, his post-

termination appeal to the Washington County Commission, and his opportunity for

further appeal to the Washington County Career Service Council and State District Court.

Through the *Notice of Intent* and his pre-termination hearing Kosidowski was

given sufficient opportunity to present evidence in his defense and to show why the

termination of his employment as a corrections officer was unwarranted. Kosidowski was

afforded further due process in the form of post-termination appeals of which he was

informed and aware. After the termination of his employment, Kosidowski appealed to

the Washington County Commission, but the Commission disagreed with him. After the

County Commission affirmed his termination, Kosidowski was informed of their decision

and informed of his right to appeal to the Washington County Career Service Council.[1]

Thus, it is clear from the administrative record that Kosidowski was not denied

procedural due process. *See West v. Grand County*, 967 F.2d 362 (10th Cir. 1992).

In his response to the *Order to Show Cause*, Kosidowski does not dispute that he

received this due process. Indeed, he offers no argument whatsoever about why his due

process rights were violated. In response to the Washington County Defendants'

*Renewed Motion for Summary Judgment*, Kosidowski "may not rely upon unsupported

---

[1] In its March 31, 2008 *Order* denying Washington County Defendants' *Motion for Summary Judgment Without Prejudice* (Doc. 46), the Court expressed concern over whether "[Kosidowski] was notified of his right to appeal the Commission Ruling after his termination." *Id*. at 2. It is undisputed, however, that Washington County Defendants sent Kosidowski notice of his right to appeal to the address provided by Kosidowski on his Driver's License.

allegations without any significant probative evidence tending to support the complaint."

*White*, 45 F.3d at 360. As such, Kosidowski has failed to meet his burden to overcome

summary judgment.

> **III.   WASHINGTON COUNTY DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON KOSIDOWSKI'S SUBSTANTIVE DUE PROCESS CLAIM.**

The fact that Kosidowski was terminated whereas another officer was suspended

does not evidence arbitrary and/or capricious action on the part of the Washington County

Defendants. "[A] substantive-due-process claim, if viable, requires assessing whether a

governmental action is arbitrary, irrational, or shocking to the contemporary conscience."

*Darr v. Town of Telluride*, 495 F.3d 1243, 1257 (10th Cir. 2007). An act is said to be

arbitrary and capricious when it is done for reasons that are trivial, unrelated to his or her

employment or wholly unsupported by a basis in fact. *Smith v. Town of Eaton*, 910 F.2d

1469, 1472 (7th Cir. 1990). Further, in order to constitute a violation of substantive due

process, a government official's conduct "must generally be intended to inflict harm to be

conscience shocking in the constitutional sense." *Herts v. Smith*, 345 F.3d 581, 587 (8th

Cir. 2003). Significantly, "[t]he Due Process Clause of the Fourteenth Amendment is not

a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood*, 426

U.S. 341, 350 (1976).

Washington County Defendants did not act in a manner that was arbitrary,

capricious, or shocking to the conscience because they conducted an the extensive factual

investigation of the allegations that Kosidowski used excessive force against an inmate.

The reasons for Kosidowski's termination were not trivial, they were related to his job

and they are supported by the record. Thus, Washington County Defendants are entitled

to summary judgment.

Kosidowski must produce evidence that his termination was done for reasons that

are trivial, unrelated to his or her employment or wholly unsupported by a basis in fact.

*See Smith*, 910 F.2d at 1472. Instead, Kosidowski has failed to make any legal arguments

in his favor and he relies "upon unsupported allegations without any significant probative

evidence tending to support the complaint." *White*, 45 F.3d at 360. He has provided no

evidence that his conduct was unworthy of a termination, and no evidence that Officer

Jamie Kiel was inadequately or improperly disciplined. Nor has Kosidowski shown that

the investigation of the incident was anything but fair and impartial. Kosidowski has thus

failed to meet his burden and summary judgment should be granted to Washington

County Defendants.

## IV. THIS COURT LACKS JURISDICTION OVER KOSIDOWSKI'S RELIGIOUS DISCRIMINATION CLAIM.

Kosidowski 's *Second Amended Complaint* alleges discrimination on the basis of

his religion "due to the fact that he was not practicing Mormon or LDS [sic]."

Kosidowski improperly asserts that he may raise this claim under 42 U.S.C. section 1983.

On the contrary, the proper framework for Kosidowski 's religious discrimination claim is

Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e *et seq*. *See Frye v.*

*Grandy*, 625 F. Supp. 1573, 1574-75 (D. M.D. 1986).

"In Utah, a Title VII plaintiff must file a charge of discrimination with the

appropriate state agency within 300 days after the alleged unlawful discriminatory

practice occurs. The filing is a prerequisite to a civil suit under Title VII." *Boyer v.*

*Cordant Tech., Inc.*, 316 F.3d 1137, 1138 (10th Cir. 2003) (citing 42 U.S.C. § 2000e *et*

*seq.*); *see also Aronson v. Greesly*, 961 F.2d 907, 911 (10th Cir. 1992). Here, Kosidowski

failed to file any charges of discrimination with the appropriate administrative agency.

This Court therefore lacks jurisdiction over Kosidowski's religious discrimination claim.

In his response to the *Order to Show Cause*, Kosidowski failed to respond to these

arguments against his religious discrimination claim. Consequently, the Washington

County Defendant are entitled to summary judgment.

### V. THIS COURT LACKS JURISDICTION TO HEAR KOSIDOWSKI'S COMMON LAW WRONGFUL TERMINATION CLAIM.

Kosidowski's *Second Amended Complaint* alleges that he was wrongfully

terminated by Washington County Defendants. As noted above, Washington County

Defendants are entitled to summary judgment on Kosidowski's civil rights claims.

Consequently, this Court lacks jurisdiction to hear Kosidowski's common law wrongful

termination claim.

## RULING

Based on the pleadings on file and for good cause appearing, this Court hereby recommends to the District Court that Washington County Defendants' *Renewed Motion for Summary Judgment* (Doc. 62) is GRANTED and that judgment be entered in favor of Washington County and Sheriff Kirk Smith.

Copies of the foregoing report and recommendation are mailed to all parties who are hereby notified of their right to object. Any objection must be filed within 14 days after being served and failure to object may constitute a waiver of objections upon subsequent review

DATED this 26th day of October, 2010.

BY THE COURT:

_____

Magistrate Judge Brooke Wells