IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MIKE KOSIDOWSKI,<br><br>               Plaintiff,<br><br>vs.<br><br>COUNTY OF WASHINGTON and SHERIFF KIRK SMITH,<br><br>               Defendants. | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:06-cv-0903 CW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

**INTRODUCTION**

This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B). On October 26, 2010, Judge Wells issued a Report and Recommendation, recommending that summary "judgment be entered in favor of Washington County and Sheriff Kirk Smith."[1] Plaintiff Mike Kosidowski ("Kosidowski") filed no objection to the Report and Recommendation. After having reviewed the file *de novo*, the court adopts the suggested recommendation. Although the court adopts the suggested recommendation, the court's analysis on procedural due process varies, to some degree, for the reasons discussed below.

**FACTUAL BACKGROUND**

On January 5, 2005, Kosidowski was personally served a Notice of Intent at the Washington

---

[1] Report and Recommendation, 8 (Oct. 26, 2010) (Dkt. No. 71).

County Sheriff's Office ("WCSO").[2] The notice informed Kosidowski that he was being placed on administrative leave, with the intent to terminate him, but he would be afforded a hearing prior to termination. After being afforded a pre-termination hearing, Kosidowski was personally served a Notice of Termination at his Santa Clara, Utah residence on January 20, 2005.[3] In that notice, he was informed of his right to appeal to the County Commission.[4] On March 9, 2005, John C. Willie ("Willie"), the Director of Human Resources for Washington County, sent Kosidowski a letter to his Santa Clara residence, which informed him when an appeals hearing was scheduled before the County Commission.[5] The County Commission affirmed the termination, and purportedly notified Kosidowski of its decision by letter. Rather than sending the letter to Kosidowski's Santa Clara residence, however, it sent the letter to an address in Ivins, Utah.[6] Moreover, the County Commission's letter failed to inform Kosidowski of his additional appeal rights to the Career Service Council. Consequently, Willie sent another letter to Kosidowski to inform him of this additional appeal right. Willie, too, sent the letter to Ivins, Utah instead of Santa Clara.[7]

In 2007, the defendants filed a motion for summary judgment. Kosidowski opposed the

---

[2] *See* Letter re Notice of Intent, 1 (Dkt. No. 63, Ex. 1).

[3] *See* Letter re Notice of Termination, 1 (Dkt. No. 63, Ex. 2).

[4] *Id.* at 4.

[5] Letter (Mar. 9, 2005) (Dkt. No. 63, Ex. 5).

[6] Letter re County Commission Decision Following Kosidowski Hearing (Apr. 13, 2005) (Dkt. No. 63, Ex. 6).

[7] Letter (Apr. 27, 2005) (Dkt. No. 63, Ex. 7).

motion and stated in an affidavit that he had "never received notice of his right to appeal the County Commissioner's decision."[8] United States District Judge Dale A. Kimball denied the motion without prejudice and afforded the parties additional time for discovery. Following discovery, the defendants have now moved for summary judgment again.

The defendants submitted two affidavits to support their second motion. One affidavit is from Kaye Reese, who was the Executive Assistant to the Washington County Commission. She is the person who sent Kosidowski the letter about the County Commission's decision. Reese stated in her affidavit that she obtained Kosidowski's address from his employee file maintained in the Commission Central Office.[9] In that file was a driver license with the "Ivins" address. A review of the driver license shows that it was issued in 1996 and had expired in 2001—four years before Reese sent the letter to Kosidowski.[10]

The defendants also submitted an affidavit from Willie. He admits the "Santa Clara" address actually was in Washington County's Human Resource files. Rather than using that correct address when informing Kosidowski of his appeal rights, he simply copied the address from the County Commission letter. Kosidowski contends he was denied procedural due process due to lack of notice about his rights.

---

[8] Affidavit of Mike Kosidowski, ¶ 34 (Oct. 10, 2007) (Dkt. No. 29, Ex. 1).

[9] Affidavit of Kaye Reese, ¶ 3 (Dkt. No. 64).

[10] Drivers License (Dkt. No. 64, Ex. 2).

## ANALYSIS

"Procedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision."[11] To "assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process."[12] When examining the second question, courts focus on "whether the level of process afforded to the [plaintiff] passed constitutional muster, not whether [the local government] followed statutes or regulations."[13] In other words, "a failure to comply with state or local procedural requirements does not necessarily constitute a denial of due process; the alleged violation must result in a procedure which itself falls short of standards derived from the Due Process Clause."[14]

Here, the two affidavits submitted by the defendants fail to show that they provided notice to Kosidowski about the County Commission's decision and the second level of appeal. While it may be reasonable to assume that an address listed on a current driver license is valid, the same presumption does not hold true for an expired license. The County Commission should have made further inquiry about Kosidowski's address because, on its face, it was clear the driver license had

---

[11] *Copelin-Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1254 (10th Cir. 2005) (quotations and citation omitted).

[12] *Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009) (quotation marks and citation omitted).

[13] *Ward v. Anderson*, 494 F.3d 929, 935 (10th Cir. 2007).

[14] *Id.* (quotation marks, citations, and alteration omitted).

expired four years previously. Because appropriate inquiry was not made, Kosidowski failed to receive notice of the County Commission's decision and his right to appeal to the Career Service Council.

Although Washington County failed to follow its own procedural requirements, this does not necessarily mean that Kosidowski was denied procedural due process. Kosidowski received notice of a pre-termination hearing and was afforded that hearing. He then received notice of his termination and was informed of his right to appeal to the County Commission. After filing his appeal, the County Commission heard his case and affirmed his termination. The court concludes these procedures adequately meet procedural due process under the circumstances. While it is unfortunate that Kosidowski was not informed about his right to appeal to the Career Service Council, that error does not rise to the level of a constitutional violation in this case.

Based on this reasoning and Judge Wells' analysis on Kosidowski's remaining claims, the court hereby adopts Judge Wells' recommendation and dismisses this case. Each party shall bear its own costs.

DATED this 28th day of January, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Judge